UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN CHAVARRIA-CANELES,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-03212-JLT-CDB (HC)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND FOR FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br>(A-Number 246-741-560)<br>(Doc. 1)<br>**14-DAY OBJECTION PERIOD** |

Petitioner Marvin Chavarria-Caneles ("Petitioner"), a federal immigration detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot and for failure to prosecute and to obey Court orders.

**I. Background**

On April 27, 2026, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the California City Detention Center in California City. (Doc. 1 at 1). Following a preliminary review of the petition, on April 29, 2026, the Court noted the petition was unsigned and undated, and directed Petitioner to file a signed copy of the petition within 14 days of the date of service of the order. (Doc. 5 at 1-2). The Court noted that "[a]ll provisions of

Local Rule 1220 are applicable to this Order." *Id.* at 4; *see* Local Rule 110 ("Failure of … a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). The Court set a briefing schedule on the petition and ordered Respondents to respond to the petition, and for Petitioner to file a traverse. *Id.* at 3.

On May 20, 2026, Respondents timely filed their response to the petition in which they argue that the petition should be denied because Petitioner is the subject of a final order of removal and his detention is mandated by 8 U.S.C. § 1231(a)(2) during the 90-day removal period. (Doc. 6). Respondents represent that an immigration judge granted Petitioner's request for voluntary departure and ordered he voluntarily depart by April 29, 2026. *Id.* at 2; *see* (Doc. 6-1, Declaration of Deportation Officer Joshua Manglona ("DO Manglona Decl.") ¶ 6, at Ex 1). Respondents further represent that after Petitioner was afforded multiple opportunities to provide his passport to DHS and he failed to depart in accordance with the voluntary departure order, as of April 30, 2026, the order was automatically converted to a final order of removal and the 90-day removal period began thereafter (to run through July 29, 2026). *Id.* at 2; DO Manglona Decl. ¶¶ 19, 21.

The undersigned takes judicial notice that Petitioner has no upcoming hearings and the EOIR's automated case database reflects Petitioner was granted voluntary departure on March 30, 2026, and that no BIA case appeal was received.[1] The undersigned also takes judicial notice that a review of ICE's detainee locator using Petitioner's identifying information returned zero results, suggesting Petitioner no longer remained in immigration detention.[2]

Accordingly, on August 21, 2026, the undersigned directed Respondents to file no later than

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited August 26, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

[2] *See* https://locator.ice.gov/odls/#/results (last visited August 26, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall*, 629 F.3d at 998-99; *Argueta*, 760 F. Supp. 3d at 1034.

August 26, 2026, a status report confirming whether Petitioner has been removed and details thereto or whether he remains detained by immigration authorities. (Doc. 7). On August 25, 2026, Respondents timely filed a status report confirming that their records indicate Petitioner was voluntarily removed to Honduras on June 5, 2026. (Doc. 8).

As of the date of these findings and recommendations, Petitioner has not complied with the Court's order to file a signed petition, and the time to do so has expired.

## II. Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

## III. Discussion

### A. Petitioner's Voluntary Removal Moots the Petition

Here, Petitioner's petition seeks immediate release from custody. (Doc. 1 at 8). Given Respondents' status report confirming Petitioner's voluntary removal, Petitioner is unable to present a collateral consequence that can be remedied by a successful ruling on the petition. As set forth above, Respondents' representations are consistent with ICE's detainee locator for Petitioner's name, A-number (246-741-560), and country of birth (Honduras), reflecting zero

results that a person with Petitioner's identifiers remains in immigration detention.[3] *See* (Doc. 1); (Doc. 8). Thus, Petitioner's removal moots the relief he seeks in his petition. *See, e.g.*, *Abdala*, 488 F.3d at 1065; *Ortega v. Andrews*, No. 1:25-cv-00730-HBK-JLT (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) ("Petitioner's removal cures his complaints about the length of his detainment without a bond hearing. … Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition."), *recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025) (adopting findings and recommendations, dismissing petition as moot, and directing Clerk of Court to close case).

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, consistent with the rulings of other judges in this District under similar circumstances. *See, e.g.*, *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025); *Colin v. Warden*, No. 1:23-cv-00127-CDB-JLT (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025) (same), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025) (same), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

**B. Failure to Prosecute**

1. *Governing Authority*

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ.

[3] *See* https://locator.ice.gov/odls/#/search (last visited August 26, 2026); https://acis.eoir.justice.gov/en/caseInformation (last visited August 26, 2026); *see also Daniels-Hall*, 629 F.3d at 998-99.

P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the petitioner fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226.

2. *Analysis*

Here, Petitioner has failed to comply with the Court's order to file a signed petition. *See* (Docs. 1, 5).

Under the Federal Rules of Civil Procedure, every pleading must be signed either by an attorney or a party if the party is unrepresented. Fed. R. Civ. P. 11(a). Similarly, this Court's Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona." Local Rule 131(b). The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an electronically-filed document. Local Rule 100. This Court must strike an unsigned pleading unless the deficiency is promptly corrected after notice to the party. Fed. R. Civ. P. 11(a). Petitioner has failed to correct his deficient petition despite notice.

As Petitioner is proceeding pro se, there are no other reasonable alternatives available to address his failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440. The third factor, risk of prejudice to Respondents, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Petitioner's participation. The presumption of injury holds given the unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondents—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct

impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. Rather, his failure to comply with this Court's orders and Local Rules prevents the action from progressing given his failure to provide a signed petition. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, as discussed above, the Court's order cautioned Petitioner that "[a]ll provisions of Local Rule 110 are applicable to this Order" such that Petitioner was apprised that his failure to comply "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." (Doc. 5 at 4); *see* Local Rule 110.

Therefore, the undersigned will also recommend that this action be dismissed for failure to prosecute and to comply with the Court's orders.

## IV. Conclusion and Recommendation

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as moot and for Petitioner's failure to prosecute and to comply with the Court's orders; and
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number.

Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 26, 2026**

UNITED STATES MAGISTRATE JUDGE