**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARVIN CHAVARRIA-CANELES,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-03212 JLT CDB (HC)

A-Number: A-246-741-560

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 9)

Marvin Chavarria-Caneles, a former immigration detainee, initiated this action while detained at the California City Detention Center by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking his release from detention. (Doc. 1.) Following Petitioner's removal from the United States, the magistrate judge found that "Petitioner's removal moots the relief he seeks in his petition" and "no case or controversy exists." (Doc. 9 at 4.) The magistrate judge also found that Petitioner had failed to prosecute this action by failing to comply with the Court's order to file a signed petition. (*Id.* at 5-6.) Therefore, the magistrate judge recommended that the Court dismiss the petition "as moot and for Petitioner's failure to prosecute and to comply with the Court's orders." (*Id.* at 7.)

The Court served the Findings and Recommendations on all parties, including Petitioner's last known mailing address, and informed the parties that any objections were due within 14 days.

(Doc. 9 at 7.) The Court advised the parties that the failure to file timely objections may result in the waiver of rights on appeal. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Consistent with Petitioner's removal, the U.S. Postal Service returned the document as undeliverable on September 10, 2026. Respondents filed a notice of non-objection, indicating they "agree the petition should be dismissed for mootness." (Doc. 11 at 1.)

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the finding that the petition is moot following Petitioner's removal from the United States is supported by the record and proper analysis. As the matter is moot, the Court now lacks jurisdiction over the matter. *See Iusufzhan v. Warden of the Golden State Annex Det. Facility*, 2026 WL 585523, at *1 (E.D. Cal. Mar. 2, 2026) (finding a moot petition results in the Court no longer having jurisdiction over the action). For this reason, the Court declines to address the additional findings of the magistrate judge. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 26, 2026 (Doc. 9) are **ADOPTED** in part.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as moot.
3. The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated: September 15, 2026

[signature]

UNITED STATES DISTRICT JUDGE